**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| JOSHUA LEE WESTFALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:26CV00221 JMB |
| | ) | |
| RAD TALBURT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Joshua Lee Westfall, currently incarcerated at Ripley County Jail,[1] filed this pro se civil rights action under 42 U.S.C. 1983 against current Ripley County Sheriff Rad Talburt and others. Plaintiff failed to submit a complete in forma pauperis (IFP) application and certificate of account. For this reason, the Clerk will be directed to mail a blank IFP application to Plaintiff.

**No later than October 21, 2026**, Plaintiff must return the completed application to the Court for review or pay the filing fee of $405. If the Plaintiff fails to file the completed application or pay the filing fee by that date, the complaint will be subject to dismissal without further notice.

If Plaintiff chooses to proceed without paying the filing fee (by submitting a complete IFP application and certificate of account), this action will be subject to review under 28 U.S.C. § 1915(e). "Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[e] when it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992). Section

[1] Plaintiff refers to his place of confinement as Doniphan County Jail. It is located in the city of Doniphan, in Ripley County, Missouri.

1983 claims are analogous to personal injury claims and are therefore subject to Missouri's five-year statute of limitations. *Sulik v. Taney Cnty.*, 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). Plaintiff alleges that his constitutional rights were violated in 2017. The time to bring a claim stemming from the complained-of incident expired in 2022. As a result, no later than **October 21, 2026**, Plaintiff must also show cause why this action should not be summarily dismissed as time barred.

Accordingly,

**IT IS HEREBY ORDERED** that, no later than **October 21, 2026**, Plaintiff must return the completed application to the Court for review or pay the filing fee of $405.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail a blank IFP application to Plaintiff.

**IT IS FURTHER ORDERED** that, no later than **October 21, 2026**, Plaintiff must also show cause why this action should not be dismissed as time barred.

**If Plaintiff does not comply with this Order, the Court will dismiss this action without further proceedings.**

***/s/ John M. Bodenhausen***
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of September, 2026.