**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| JOSHUA LEE WESTFALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:26-CV-00221 JMB |
| | ) | |
| RAD TALBURT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This is a civil rights action under 42 U.S.C. § 1983 brought by self-represented Plaintiff Joshua Lee Westfall. It is now before the Court for three reasons: first, Plaintiff filed an application to proceed without paying the filing fee in this matter. (ECF No. 5.) That application will be granted. Second, Plaintiff moved for appointment of counsel. That request will be denied. Third, in a Memorandum and Order dated September 30, 2026, the Court ordered Plaintiff to explain why his claims—which stem principally from a 2017 event—should not be dismissed as time barred. (*See* ECF No. 3.) Plaintiff timely responded (ECF No. 5) but did not adequately explain how his claims could proceed now that the statute of limitations has run. For that reason and others, as explained more fully below, this action must be dismissed.

**Application to Proceed Without Paying the Filing Fee**

Plaintiff is considered a "prisoner" for purposes the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(h). Under 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the

prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of his motion for leave to proceed in forma pauperis, Plaintiff submitted a copy of his certified inmate account statement. (ECF No. 6.) Plaintiff's account statement shows he cannot prepay the entire filing fee. As such, the Court will assess an initial partial filing fee of $1.00. *See id.* § 1915(b)(1). *See also Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (discussing how the Court should assess an initial partial filing fee amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

Having done so, the Court will review Plaintiff's Complaint. 28 U.S.C. § 1915A(a); *see also id.* § 1915(e)(2). The Court notes that a prisoner ultimately must pay the full amount of a filing fee even if his case is dismissed. *See In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997) (stating that "the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or file an appeal").

**Motion for Appointment of Counsel**

Plaintiff also requested appointment of counsel. (ECF No. 2.) In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as

well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018); *accord Rayes v. Johnson*, 969 F.2d 700, 703 (8th Cir. 1992). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and their ability to present their claims. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds appointment of counsel is not warranted. Plaintiff demonstrated that he could adequately present his claims, and the factual and legal issues requiring resolution in this case are not complex. No attorney would be able to revive claims that are now barred by the applicable statute of limitations, so neither Plaintiff nor the Court would benefit from the assistance of counsel. Further, Plaintiff did not provide any information about what efforts he had made to obtain legal counsel. *See Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (commenting that, before appointing counsel for an indigent civil litigant, a court "should satisfy itself that plaintiff has in good faith attempted to retain counsel and has been unsuccessful"). The motion for appointment of counsel is denied.

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983. He alleges that on March 19, 2017, he was arrested without cause as he was walking down Route 142 in Doniphan, Missouri, by two deputies working for then-Ripley County Sheriff Mike Barton. He alleges he was transported to the Sheriff's Department and left there with Chief Deputy Charlie Mays, Deputy Jessie Drummins, and Adam Robinette. He alleges that Mays instructed the others to "hog tie me and take me out and kill me." He alleges that Drummins and Robinette took him to Poplar Bluff Regional Medical Center, hog tied him, and—upon his standing up—tased him in the kidneys, causing him to fall

and shatter his front teeth on the curbside and to enter a state of clinical death. He alleges that he was admitted to the hospital, resuscitated, and then kept on life support for more than four days before eventually being released.

Plaintiff alleges he has made complaints about these events to various state and local officials, including the current Ripley County Sheriff, Rad Talbert. He alleges that he was put on a "confidential informant contract" and for his protection, Sheriff Talbert placed him on house attest with an ankle monitor. (ECF No. 1 at 7). He alleges that Sheriff Talbert later told him that he could remove his ankle monitor, which he did, and Ripley County Prosecuting Attorney Matthew Michel then unfairly prosecuted him for tampering with his electronic monitoring device.

**Review under Section 1915(e)**

In this action, Plaintiff has sued Barton, Mays, Drummins, Robinette, Talbert, and Michel based on the above-described events. Because Plaintiff is proceeding *in forma pauperis*, this action is subject to review under 28 U.S.C. § 1915(e), which includes a consideration of whether the claims are timely. "Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[e] when it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992).

While there is no statute of limitations contained within 42 U.S.C. § 1983, the Supreme Court "has held that § 1983 claims accruing within a particular state should be governed by that state's statute of limitations governing personal-injury claims." *Walker v. Barrett*, 650 F.3d 1198, 1205 (8th Cir. 2011). *See also Anderson as trustee for next-of-kin of Anderson v. City of Minneapolis*, 934 F.3d 876, 880 (8th Cir. 2019) (determining that statute of limitations for § 1983 case arising in Minnesota "comes from the state's personal injury statute"). Thus, for cases arising

in Missouri, the five-year statute of limitations for personal injury actions found in Mo. Rev. Stat. § 516.120(4) applies to § 1983 actions. *Sulik v. Taney Cnty., Mo.*, 393 F.3d 765, 767 (8th Cir. 2005).

The limitations period of a claim begins to run when the claim "accrues." *Hamby v. Iowa*, 185 F.4th 816, 827 (8th Cir. 2026). When a claim accrued is a question of federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law."). "Accrual generally occurs 'when the plaintiff has a complete and present cause of action.'" *Hamby*, 185 F.4th at 827 (quoting *McDonough v. Smith*, 588 U.S. 109, 115 (2019) (cleaned up)). In other words, a claim accrues "when the plaintiff can file suit and obtain relief." *Rassier v. Sanner*, 996 F.3d 832, 836 (8th Cir. 2021) (internal quotation marks omitted).

Plaintiff alleges that Barton, Mays, Drummins, and Robinette violated his constitutional rights in 2017. His claims against them were complete and present as soon as they undertook the wrongful actions alleged by Plaintiff. Therefore, his claims accrued in March 2017. Under Missouri's five-year statute of limitations for Section 1983 claims, the time to bring a claim stemming from that incident expired in 2022.

In response to the show-cause order issued by this Court, Plaintiff states that he "brings forth cause his claim did not accrue until March[] 22, 2025 [when] Joshua L. Westfall was informed and made aware that he had been wrong[ed] and suffered personal injury and mental stress[] and Mr. Westfall is now pursuing an action." (ECF No. 5 at 3.) He cites a 2025 decision by the Missouri Court of Appeals, Eastern Division, in support of his statement: *Holmes v. Zellers*, ED112676 (Mo. Ct. App. July 29, 2025). *Holmes* concerned whether the City of St. Louis, as then-successor in interest to the Board of Police Commissioners, was required to indemnify two former police officers who caused a false arrest and pay a judgment to the arrestee. Even liberally

construing the Complaint as required and making all reasonable inferences in favor of Plaintiff, *Holmes* offers no support for Plaintiff's contention that his claims against Barton, Mays, Drummins, and Robinette accrued any later than March 2017.

It is possible in rare circumstances to pause, or "toll," a statute of limitations. For Section 1983 claims, federal courts look to state law to determine whether a statute of limitations was tolled. *See Wallace*, 549 U.S. at 388; *Montin v. Est. of Johnson*, 636 F.3d 409 (8th Cir. 2011) ("For a § 1983 action . . . , the issue of equitable tolling, like the underlying statute of limitations, is determined by reference to state law."). By statute, Missouri has enumerated four grounds for tolling. Courts cannot add to them. *Rolwing v. Nestle Holdings, Inc.*, 437 S.W.3d 180 (Mo. 2014), *as modified* (Aug. 19, 2014) ("Missouri law provides that a statute of limitations may be suspended or tolled only by specific disabilities or exceptions enacted by the legislature and the courts are not empowered to extend those exceptions.") (internal quotation marks omitted). None of the four grounds[1] apply here, so Plaintiff's claims against Barton, Mays, Drummins, and Robinette are subject to the five-year statute of limitations and must be dismissed.

Plaintiff's claims against Sheriff Talbert and Prosecuting Attorney Michel are likewise subject to review under 28 U.S.C. § 1915(e) and subject to dismissal but for different reasons: they are both immune from suit for the complained-of actions.

[1]In Missouri, the four grounds that permit the suspension of the five-year statute of limitations for § 1983 claims are: (1) minority or mental incapacity, (2) imprisonment, (3) improper acts by the defendant, such as concealment or absconding, and (4) a savings clause that allows a plaintiff, under certain circumstances, to file a second action if they filed a timely action that has since been dismissed. *See* Mo. Rev. Stat. §§ 516.170, 516.230, 516.280. Though Plaintiff's complaint may be construed to suggest mental incapacity for a matter of days, that does not render his claims timely. Further, if a cause of action accrued before a plaintiff was imprisoned—as Plaintiff's did here—his period of imprisonment does not toll the statute of limitations on his § 1983 claim. *Webb. v. Newberry*, 547 F. Supp. 621, 622 (E.D. Mo. 1982).

***A. Talbert***

The complaint allegations relating to Talbert describe, if construed liberally, entrapment by estoppel. *See United States v. Achter*, 52 F.3d 753, 755 (8th Cir. 1995) (explaining that entrapment by estoppel may occur when "an official assures a defendant that certain conduct is legal, and the defendant reasonably relies on that advice and continues or initiates the conduct"); *see also Raley v. Ohio*, 360 U.S. 423, 437-39 (1959) (recognizing due process implications when criminal conviction rests on conduct defendant undertook in reasonable reliance on promise by government).

As far as the Court can find, though entrapment by estoppel remains a potentially viable defense to criminal liability in certain rare cases, no federal court has recognized it as the basis of an affirmative constitutional claim. Even assuming the complaint set out a plausible claim, Talbert would be entitled to qualified immunity. "Qualified immunity protects state actors from civil liability when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Maness v. Dist. Ct. of Logan Cnty.-N. Div.*, 495 F.3d 943, 944 (8th Cir. 2007) (analyzing qualified immunity on 28 U.S.C. § 1915(e)(2)(B) review). *See also Story v. Foote*, 782 F.3d 968, 969–70 (8th Cir. 2015) ("we may consider the defense of qualified immunity in reviewing the district court's preservice dismissal"). Nothing in Plaintiff's complaint indicates that Talbert, by virtue of his alleged statement to Plaintiff, violated a clearly established constitutional or statutory right. *See Torres v. City of St. Louis*, 39 F.4th 494, 502 (8th Cir. 2022) (holding that the two steps of the qualified-immunity analysis are (1) whether an action violated a constitutional or statutory right and (2) whether that right was clearly established at the time, and "[t]he court may consider these steps in any order"). Talbert is therefore entitled to

qualified immunity, and Plaintiff's claim against him must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(iii) ("the court shall dismiss the case at any time if the court determines that the action or appeal seeks monetary relief against a defendant who is immune from such relief").

***B. Michel***

Prosecutors are immune from 42 U.S.C. § 1983 liability as long as the actions complained of appear to be within the scope of prosecutorial duties. *Price v. Moody*, 677 F.2d 676, 677 (8th Cir. 1982). *See also Keating v. Martin*, 638 F.2d 1121, 1122 (8th Cir. 1980). The immunity enjoyed by prosecutors from § 1983 actions can be either absolute or qualified. *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). A prosecutor is entitled to absolute immunity if they are acting as an advocate for the State in a criminal prosecution. *Id*.

"Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case insofar as that conduct is intimately associated with the judicial phase of the criminal process." *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016). For instance, "[t]he acts of preparing, signing, and filing a criminal complaint constitute prosecutorial functions, as they are advocacy on behalf of the government." *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006). Prosecutorial immunity depends on the functional nature of the prosecutor's activities; therefore, immunity is not defeated by "allegations of improper motive in the performance of prosecutorial functions." *Sample*, 836 F.3d at 916. Absolute immunity still applies even when there are allegations of malice, vindictiveness, or self-interest. *Reasonover v. St. Louis Cnty., Mo.*, 447 F.3d 569, 580 (8th Cir. 2006).

Plaintiff alleges Michel prosecuted him for tampering with electronic monitoring equipment, which is an action within the scope of Michel's prosecutorial duties, regardless of his

motive. He is absolutely immune from suit on this basis. Plaintiff's claim against Michel must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in the district court without prepaying fees or costs is **GRANTED**. [ECF No. 4]

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel is **DENIED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 10th day of November, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE